IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LUIS GALVEZ                              :

   v.                               :   Civil Action No. DKC 10-0128
                                                    Criminal No. DKC 07-0135

UNITED STATES OF AMERICA                 :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion filed by Petitioner Luis Galvez to vacate, set aside, or correct his sentence. (ECF No. 215). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be denied.

**I.  Background**

On July 7, 2008, Petitioner was convicted, upon his guilty plea, of conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine, and sentenced to a term of imprisonment of seventy months. He did not appeal.

On January 19, 2010, the court received for filing the pending motion pursuant to 28 U.S.C. § 2255 in which Petitioner contends that he is being deprived of his right to equal protection because, due to his status as non-citizen of the United States, he has been unable to participate in Bureau of

Prison programs through which he might otherwise have obtained a "year reduction of sentence through a drug program" or placement in a "halfway house . . . pursuant to 18 USCA [§] 3583(d)." (ECF No. 215, at 5, 6, 8). The government was directed to respond, and did so on January 19, 2010. (ECF No. 217).

**II. Standard of Review**

To be eligible for relief under 28 U.S.C. § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A *pro se* movant, such as Petitioner, is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978). But if the § 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255(b).

**III. Analysis**

The government argues that the Petitioner's motion should be summarily dismissed because (1) it was untimely filed, (2) § 2255 does not provide a basis for relief, and (3) the underlying

2

claim is nevertheless without merit. All three arguments are persuasive.

Pursuant to 28 U.S.C. § 2255(f), a federal prisoner must file a motion to vacate, set aside, or correct his sentence within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Where, as here, a defendant does not pursue direct appellate review, his conviction becomes final when the appeal period lapses following the entry of judgment. *See McKinnon v. United States*, Civ. No. CCB-12-179, Crim. No. CCG-08-049, 2012 WL 2564723, at *1 (D.Md. June 29, 2012) (citing *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001) (Michael, J., concurring)). At the time of Petitioner's conviction, he would have ten days in which to note an appeal under Fed.R.App.P

4(b)(1)(A)(i).[1]  Thus, Petitioner's judgment of conviction became final on July 17, 2008 – ten days after judgment was entered on July 7.  The one-year limitations period, therefore, expired on or about July 18, 2009, and his § 2255 petition, filed on or about January 19, 2010, is untimely by approximately six months.

A § 2255 petitioner may be entitled to equitable tolling upon showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, ---U.S. ----, 130 S.Ct. 2549, 2562 (2010); *see also United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (equitable tolling should be "sparingly granted").  Petitioner suggests that his motion was untimely because he was in transit from July 25, 2008, until August 3, 2009, and that he was not aware of the grounds of his motion until arrival at his current place of confinement.  The court declines to recognize these assertions as grounds for equitable tolling.  Petitioner's status as a non-citizen and the effect on eligibility for programming were known circumstances at the time of sentencing, and his subsequent movement did not preclude the timely filing of his motion.  *See United States v. Anderson*, 238 F.3d 415, 2000 WL 1781614 (4th Cir. Dec. 5, 2000) (Table) ("transfer among various penal

---

[1] This rule was amended in 2009 to provide fourteen days in which to file a notice of appeal.

4

institutions does not present the 'rare instance' when 'it would be unconscionable to enforce the limitation period against the party and gross injustice would result'" (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)); *Sarvis v. United States*, Civ. No. 4:11-70097-TLW, Crim. No. 4:06-1241-TLW, 2012 WL 112293 (D.S.C. Jan. 11, 2012) ("[t]he mere fact that Petitioner was 'in transit' during periods of his incarceration . . . is certainly not exceptional").

Moreover, the grounds raised in Petitioner's motion are cognizable only pursuant to 28 U.S.C. § 2241. *See Popeck v. United States*, Civ No. PJM 10-2777, Crim. No. PJM 09-0149, 2011 WL 3512000, at *3 n. 2 (D.Md. Aug. 9, 2011) ("it has been persuasively held elsewhere than an equal protection challenge to an alien's eligibility for prison programs and the like . . . is not a ground for relief under 28 U.S.C. § 2255, but should be presented in a habeas corpus petition under section 2241" (quoting *United States v. Recinos-Gallegos*, 151 F.Supp.2d 659, 660 (D.Md. 2011)). A § 2241 petition must name as the respondent "the person who has custody" and must be filed in the district of confinement. 28 U.S.C. § 2242. At the time of filing, Petitioner was incarcerated at Adams County Correctional Institution in Natchez, Mississippi. Thus, the warden of that facility, rather than the government, was the proper respondent,

and the motion should have been filed in the United States District Court for the Southern District of Mississippi.

Even if the motion had been properly denominated and addressed, however, it would likely fail on the merits because no court has held that the Equal Protection Clause is violated by the Bureau of Prisons treating those with detainers – due to their status as illegal aliens or otherwise – differently for purposes of programming eligibility.  As the United States Court of Appeals for the Fifth Circuit recently explained:

> [A]lien prisoners with ICE detainers, such as [the petitioner], cannot show that exclusion from rehabilitation programs, or from halfway house placement, establishes that alien prisoners, as an identifiable group, are being treated differently from other similarly situated prisoners who are not aliens.  *See McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999).  This is true because, on its face, the statute and regulations classify prisoners – not as aliens and non-aliens – but as those who have ICE detainers against them and those who do not.  *Id*.  [The petitioner] points to no evidence that the exclusion is motivated by discriminatory intent against aliens.  Instead, [the petitioner] has only shown that the BOP regulations require [that] "prisoners with detainers be[] treated differently from prisoners without detainers." *Id*.

*Gallegos-Hernandez v. United States*, 688 F.3d 190, 195-96 (5th Cir. 2012); *Adams v. Apker*, 148 Fed.Appx. 93, 95-96 (3d Cir. 2005) ("Prisoners who are ineligible to participate in these programs include non-aliens as well as aliens"); *United States*

*v. Recinos-Gallegos*, 151 F.Supp.2d 659, 660 (D.Md. 2001) (citing *United States v. Acevedo*, 246 F.3d 682, 2001 WL 280485 (10th Cir. 2001)); *see also Ruiz-Perales v. United States*, 2012 WL 4740460, at *2 (S.D.Cal. Oct. 3, 2012) ("In the context of early-release drug program eligibility benefits, deportable aliens are not similarly situated to United States citizens because citizen inmates must re-enter domestic society while deportable inmates are denied that privilege"); *but see Patel v. Napolitano*, --- F.3d ----, 2013 WL 285711, at *6 (4th Cir. 2013) (recognizing the right of an inmate to "petition[] the Federal Bureau of Prisons to . . . challeng[e] the basis for drawing . . . a distinction among inmates" related to programming eligibility).

## IV. Conclusion

For the foregoing reasons, the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where the court denies a petitioner's motion on its merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).

Upon its review of the record, the court finds that Petitioner does not satisfy the above standard.  Accordingly, it declines to issue a certificate of appealability.

A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge